IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,               No. 2:08-cv-2912 JAM JFM

    vs.

COURTNEY L. ABDIN, et al.,[1]

    Defendants.        FINDINGS AND RECOMMENDATIONS

/

        Plaintiff's motion for default judgment came on regularly for hearing April 16, 2009. Plaintiff appeared in propria person. There was no appearance for defendant Milestone Development, LLC, the sole remaining defendant herein. Upon review of the motion and the documents in support, upon hearing the arguments of plaintiff and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The complaint in this matter was served upon defendant Milestone Development, LLC (hereafter "Milestone"), and proof of service was filed February 19, 2009. Cf. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default judgment void without personal jurisdiction). The Clerk of the Court entered default against defendant Milestone on February 23, 2009. Plaintiff's present motion for entry of default judgment was served by mail on defendant Milestone's agent for service of process.

---

[1] Defendant Abdin, dba CMP Motors, was voluntarily dismissed by court order on February 3, 2009.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by the default support the causes of action pled in the complaint. The complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 & n.2 (9th Cir. 1974). There are no policy considerations to preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (enumerating factors to be considered).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's March 9, 2009 motion for entry of default judgment be GRANTED and that judgment be awarded against defendant Milestone in the amount of $12,000.00.[2] Further, that injunctive relief be granted against defendant Milestone requiring a van accessible disabled parking space, the correct number of disabled parking spaces, an accessible route and entrance to the business, and accessibility signage and striping, all in conformity with the Americans with Disabilities Act Accessibility Guidelines (ADAAG) as set forth in 28 Code of Federal Regulations, Part 36.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

---

[2] While plaintiff seeks $4000 for each actual visit to the restaurant and each foregone visit (see motion for default judgment at 3-4, and complaint at 14), he has pled only that he actually visited the store parking lot three times. With no explanation, plaintiff's general allegation of five foregone visits is inadequate to sustain statutory damages for these visits. The Lentini case is inapposite as it addressed season tickets to the theater. Lentini v. Cal. Center for the Arts, 370 F.3d 837, 846-47 (9th Cir. 2004).

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:  April 16, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; john2912.def